1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

CENTRAL DISTRICT OF CALIFORNIA

10
11
12

STEVEN HUNTER,

13

Plaintiff,

14

v.

15

FELIPE MARTINEZ, JR., et al.,

16

Defendants.

17

Case No. 2:20-cv-11289-JAK (SHK)

ORDER DISMISSING CASE WITHOUT PREJUDICE

18
19

## I.    BACKGROUND

20

On November 30, 2020, Plaintiff Steven Hunter ("Plaintiff"), an inmate

21

housed at United States Penitentiary ("USP") Victorville, proceeding pro se,

22

constructively filed[1] a "'Emergency' 42 USC 1983 Complaint" ("Complaint" or

23

"Compl.") against Defendants Felipe Martinez, Jr.; "Dr. Doorman, Chief

24

Psychology"; "Dr. Dorsey, Psychology"; "Dr. McGlee, Psychology"; "Dr. Yeh,

25

Psychology"; "Dr. Espero, Medical Doctor"; "SSI Lt. Varcedo"; "Lt. Hassly, SHU Lt.";

26
27
28

[1] Under the "mailbox rule," when a pro se prisoner gives prison authorities a pleading to mail to court, the court deems the pleading constructively "filed" on the date it is signed.  Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009).

and "Lopez" (collectively "Defendants") under 42 U.S.C. § 1983 ("§ 1983").

Electronic Case Filing Number ("ECF No.") 1, Compl. (capitalization normalized).

On December 14, 2020, the case was filed on this Court's docket.[2]

On February 5, 2021, the Court dismissed the Complaint with leave to amend and ordered Plaintiff to show cause why the case should not be dismissed for failure to pay the filing fee or to file documents to proceed in forma pauperis ("IFP") ("Order").  ECF No. 4, Order; see also ECF No. 2, Notice of Filing of Complaint without Prepayment of Filing Fees of Request to Proceed IFP ("Notice").

Specifically, in its Order, the Court dismissed the Complaint after finding that "Plaintiff's five-page Complaint is nearly impossible to read due to Plaintiff's illegible handwriting[,]" that "the Court cannot decipher any of Plaintiff's claims raised in his Complaint[,]" and that "the Court is also unsure of the names of most of the Defendants in this matter due to Plaintiff's illegible handwriting, which Plaintiff has been warned about on multiple occasions."  ECF No. 4, Order at 4 (citing 4993 Case, ECF Nos. 8, 10, 24).  The Court found that "even when the few . . . passages in the Complaint that the Court can read are liberally construed," and "when Plaintiff is given the benefit of doubt, the Complaint nevertheless fails to state a claim because the Court cannot find sufficient facts to support a cognizable legal theory in the few bits it can read."  Id. at 5.  The Court "ordered

---

[2] The Court notes that Plaintiff has also recently filed at least seven other cases in this Court. See Steven M. Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-04993-JAK-SHK (filed on May 28, 2020) ("4993 Case"); Steven Malcolm Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-05121-JAK-SHK (filed on June 9, 2020 and dismissed on June 12, 2020); Steven M. Hunter v. Warden, USP Victorville, No. 2:20-cv-04632-JAK-SHK (filed on May 22, 2020, and transferred on June 10, 2020); Steven Malcolm Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-06310-JAK-SHK (filed on June 29, 2020, and Respondent ordered to file an Answer to the Petition on August 25, 2020); Steven M. Hunter v. Felipe Martinez, Jr., Warden, No. 2:20-cv-06311-JAK-SHK (filed on June 29, 2020, and dismissed on August 19, 2020); Steven Hunter v. United States of America, No. 2:20-cv-08136-JAK-SHK (filed on August 28, 2020 and transferred on October 6, 2020); and Steven Hunter v. Felipe Martinez, Jr., No. 2:20-cv-08317-JAK-SHK (filed on September 2, 2020 and dismissed on December 28, 2020).

that, if Plaintiff would like to continue to prosecute this action, Plaintiff may file a First Amended Complaint ("FAC")" by February 26, 2021, but "**cautioned that if Plaintiff does not timely file a FAC, the Court will recommend that this action be dismissed with or without prejudice for failure to state a claim, failure to prosecute, and/or failure to obey Court orders under Federal Rule of Civil Procedure 41(b).**" Id. at 5-6 (emphasis in original and some emphasis removed).

Further, the Court ordered Plaintiff to show cause by February 17, 2021 why the case should not be dismissed for failing to pay his filing fee or to apply to proceed IFP as instructed after noting that "Plaintiff has failed to pay his filing fee or to apply to proceed IFP despite the Court's Notice filed on December 14, 2020," and despite "being repeatedly instructed of his responsibility to pay his filing fee or to apply to proceed IFP in multiple of his other cases before this Court." Id. (citing ECF No. 2, Notice; 4993 Case, ECF No. 6).

As of the date of this Order, Plaintiff has failed to file a FAC, pay the filing fee, or apply to proceed IFP as ordered.

## II.   STANDARD OF REVIEW

District courts have sua sponte authority to dismiss actions for failure to prosecute or to comply with court orders.  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30 (1962); Hells Canyon Pres. Council v. U.S. Forest Serv., 403 F.3d 683, 689 (9th Cir. 2005) (stating courts may dismiss an action under Federal Rule of Civil Procedure 41(b) sua sponte for a plaintiff's failure to prosecute or comply with the Federal Rules of Civil Procedure or the court's orders); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (ordering dismissal for failure to comply with court orders).

In deciding whether to dismiss for failure to prosecute or comply with court orders, a district court must consider five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

disposition of cases on their merits; and (5) the availability of less drastic sanctions."  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); see also Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (setting out similar five factors as in Henderson).  "Dismissal is appropriate 'where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal.'" Neal v. Reslan, No. CV 19-09291 PA (ASx), 2020 WL 754366, at *1 (C.D. Cal. Jan. 16, 2020) (quoting Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263)).  In a case involving sua sponte dismissal, however, the fifth Henderson factor regarding the availability of less drastic sanctions warrants special focus.  Hernandez, 138 F.3d at 399.

### III.    DISCUSSION

Here, the first two factors—public interest in expeditious resolution of litigation and the Court's need to manage its docket—weigh in favor of dismissal. Despite being warned that this case **will** be dismissed for failure to respond to the Court's Order, Plaintiff has failed to do so.  This failure to prosecute and follow Court orders hinders the Court's ability to move this case toward disposition and suggests Plaintiff does not intend to litigate this action diligently.

The third factor—prejudice to Defendants—also weighs in favor of dismissal.  A rebuttable presumption of prejudice to a defendant arises when a plaintiff unreasonably delays prosecuting an action.  See In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994) (citations omitted).  Here, Plaintiff has failed to comply with the Court's Order and he has not offered any excuse for his failure to comply with and respond in a timely manner.  Thus, this "prejudice" element favors dismissal.

The fourth factor—public policy in favor of deciding cases on the merits— ordinarily weighs against dismissal.  However, it is Plaintiff's responsibility to move litigation towards disposition at a reasonable pace and to avoid dilatory and

4

evasive tactics.  See Morris v. Morgan Stanley, 942 F.2d 648, 652 (9th Cir. 1991).
Plaintiff has not met this responsibility despite having been: (1) instructed on his
responsibilities; (2) granted sufficient time in which to discharge them; and
(3) warned of the consequences of failure to do so.  See, e.g., ECF No. 2, Notice;
ECF No. 4, Order.  Under these circumstances, though this policy favors Plaintiff, it
does not outweigh Plaintiff's failure to obey Court orders or to file responsive
documents within the time granted.  Moreover, the Court is able to decide the
case on the merits because it cannot decipher any of Plaintiff's claims, and even
some of the Defendants' names, due to Plaintiff's poor handwriting, which
Plaintiff has been repeatedly reminded of in this and other cases he has filed in
this Court.

The fifth factor—availability of less drastic sanctions—also weighs in favor
of dismissal.  The Court cannot move the case toward disposition without
Plaintiff's compliance with Court orders or participation in this litigation.  Despite
the Court's attempt to obtain a response, Plaintiff has shown he is either unwilling
or unable to comply with Court orders by failing to file responsive documents and
failing to otherwise cooperate in prosecuting this action.  The Court is not aware
of any lesser sanction that is available in this case.  See Henderson, 779 F.2d at
1424 ("The district court need not exhaust every sanction short of dismissal
before finally dismissing a case but must explore possible and meaningful
alternatives.") (citation omitted); Roman v. Smith, No. 2:18-07909 PA (ADS), 2019
WL 8013120, at *1 (C.D. Cal. Nov. 18, 2019).

Accordingly, the Court finds that dismissal of this action, without prejudice,
is appropriate here.

/ / /

/ / /

/ / /

/ / /

## IV.   CONCLUSION

For the reasons discussed above, the Case is **DISMISSED** without prejudice.

IT IS SO ORDERED.

Dated: March 17, 2021

_____
JOHN A. KRONSTADT
United States District Judge

Presented by:

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge